Jose Marcelo ALBERTO–GONZALEZ,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 97–70473.

United States Court of Appeals,
Ninth Circuit.

Submitted April 25, 2000[1]

Filed June 6, 2000

1. The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Amos Lawrence, San Francisco, California, for the petitioner.

Loreto S. Geisse, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.

Before: FLETCHER, HAWKINS, and THOMAS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We must decide whether we have jurisdiction over the merits of this petition for review. To do so, we must determine whether the underlying convictions amount to aggravated felonies or crimes of moral turpitude within the meaning of the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (1996).

## BACKGROUND

Jose Marcelo Alberto–Gonzalez ("Alberto–Gonzalez") entered the United States on about August 18, 1965 when he was four years old. He was convicted of burglary in June and October of 1986 and was placed in deportation proceedings. The Immigration Judge granted his request for waiver of deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1987).

On June 18, 1991, he was convicted for receiving stolen property. The record does not make clear the length of his sentence for this conviction. On April 20, 1994, he was sentenced to 79 days in prison for felony burglary, for which he had previously pled guilty. On April 22, 1994, the INS issued an Order to Show Cause charging Alberto–Gonzalez with being deportable for having committed two crimes of moral turpitude in violation of section 241(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii). The two crimes listed in the Order to Show Cause were the 1991 conviction for receipt of stolen property and the 1994 conviction for felony burglary.

After a hearing before an Immigration Judge ("IJ"), Alberto–Gonzalez admitted the allegations contained in the Order to Show Cause and requested a waiver of deportation under section 212(c). On May 10, 1996, the IJ denied the waiver. Alberto–Gonzalez appealed to the BIA, claiming that the IJ abused her discretion in denying the waiver. During the pendency of this appeal, IIRIRA and the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (1996), were enacted. The BIA dismissed Alberto–Gonzalez's appeal on March 28, 1997, finding that he was statutorily ineligible for a section 212(c) waiver under section 440(d) of AEDPA.

■ Alberto–Gonzalez appeals the BIA's decision. It is clear that the BIA erred in holding that section 212(c) relief was unavailable. In *Magana–Pizano v. INS*, 200 F.3d 603, 613–14 (9th Cir.1999), we held that "AEDPA's § 440(d) bar of discretionary relief previously afforded by INA § 212(c) should not apply to aliens whose deportation proceedings were pending when AEDPA became law." Section 212(c) relief is available to Alberto–Gonzalez because AEDPA's effective date is April 24, 1996 and he was placed in deportation proceedings in 1994. Before we can reach the merits, however, we must determine whether we have jurisdiction.[2]

## JURISDICTION

■ We have jurisdiction to determine whether we have jurisdiction over the merits of this petition for review. *See Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000); *Coronado–Durazo v. INS*, 123 F.3d 1322, 1323 (9th Cir.1997).

Section 309(c)(4)(G) of IIRIRA provides in relevant part:

> [T]here shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section ... 241(a)(2)(A)(iii) ... of the Immigration and Nationality Act ... or any offense covered by section 241(a)(2)(A)(ii) of such Act ... for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i). ... [3]

Section 241(a)(2)(A)(iii) covers aggravated felonies and section 241(a)(2)(A)(ii) covers crimes of moral turpitude. We have jurisdiction over the merits of this case, therefore, if Alberto–Gonzalez did not commit either an aggravated felony or two crimes of moral turpitude, as defined by INA § 241(a)(2)(A)(i).

### A. Crimes of Moral Turpitude

Section 241(a)(2)(A)(ii) provides that "[a]ny alien who at any time after admission is convicted of two or more crimes of moral turpitude ... is deportable." At the time deportation proceedings were initiated against Alberto–Gonzalez, section 241(a)(2)(A)(i) further provided, in pertinent part, that "[a]ny alien who (I) is convicted of a crime involving moral turpitude ... and (II) either is sentenced to confinement or is confined therefore in a prison or correctional institution for one year or longer." [4]

■ Because Alberto–Gonzalez was only sentenced to 79 days for the burglary conviction, the convictions are not both covered by section 241(a)(2)(A)(i). Our jurisdiction is therefore not eliminated by virtue of the crimes of moral turpitude. We retain jurisdiction over this appeal unless Alberto–Gonzalez committed an aggravated felony.[5]

2. The government initially contended that we have no jurisdiction over this appeal under section 309(c)(4)(G) of IIRIRA because Alberto–Gonzalez committed an aggravated felony. On April 14, 2000, the government submitted an "Expedited Motion to Remand" in which it withdrew its argument that this court lacks jurisdiction over the appeal. We address the jurisdictional issues nonetheless, as they concern our subject matter jurisdiction.

3. The transitional rules apply to this case because the INS initiated deportation proceedings prior to April 1, 1997 and a final order of deportation was filed after October 30, 1996.

4. AEDPA amended section (II) to render aliens deportable if the crime for which they were sentenced carried a potential sentence of one year or more. This amendment is not pertinent here, however, because AEDPA expressly limited it to proceedings initiated after its effective date, April 24, 1996. AEDPA § 435(b); *see Perez v. INS*, 116 F.3d 405, 408 (9th Cir.1997).

5. Alberto–Gonzalez may still be deportable under section 241(a)(2)(A)(ii) for having committed two crimes of moral turpitude because this subsection applies regardless of the length of conviction. 8 U.S.C. § 1227(a)(2)(A)(ii).

## B. Aggravated Felony

An aggravated felony is defined in relevant part as a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."[6] 8 U.S.C. § 1101(a)(43)(G). The government contends that the relevant term of imprisonment is the potential sentence that the judge could have imposed. Alberto–Gonzalez argues that the relevant term of imprisonment is the actual sentence imposed.

Although this is an issue of first impression in this Circuit, we are not the first court to consider this issue. *United States v. Graham*, 169 F.3d 787, 789–90 (3d Cir.), *cert. denied*, —— U.S. ——, 120 S.Ct. 116, 145 L.Ed.2d 99 (1999), held that the phrase "for which the term of imprisonment [is] at least one year" means the actual sentence imposed by the judge. The *Graham* court reasoned that the definition of "term of imprisonment" in section 322 of IIRIRA suggests that "term of imprisonment" refers to the actual sentence. Section 322 provides that:

> [a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law, regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

§ 322, *codified at* 8 U.S.C. § 1101(a)(48)(B) (cited in *Graham*, 169 F.3d at 790).[7] This language indicates that the sentence ordered by the judge is the "term of imprisonment." *See Graham*, 169 F.3d at 790.

The *Graham* court also noted that prior to the 1996 amendments, aggravated felony was defined as a "theft offense ... for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years." *Id.* The *Graham* court commented that there is no evidence of congressional intent to change from this reliance on the actual sentence imposed.[8] In the absence of any intent to the contrary, the *Graham* court concluded that the old definition should apply. *Id.*

Further, while Congress used the phrase "for which the term of imprisonment is one year" in some sections of section 1101(a)(43), in other sections, Congress explicitly provided that the term to consider is the sentence that *may* be imposed. *Compare* §§ 1101(a)(43)(F), (P), (R), (S) *with* §§ *1101(a)(43)(J), (T); see also Graham*, 169 F.3d at 790–91. Moreover, in the two subsections of section 1101(a)(43) where Congress employed the language "may be imposed," Congress seems to have carefully avoided use of the phrase "term of imprisonment." *See* § 1101(a)(43)(J) ("for which a sentence of one year imprisonment or more may be imposed"); § 1101(a)(43)(T) ("for which a sentence of 2 years imprisonment or more may be imposed"). At least in this subsection, therefore, Congress appears to have used the phrase "term of imprisonment" to specifically refer to the actual sentence imposed. This precise distinction implies that Congress was aware of the difference between the statutory maximum penalty and the sentence actually imposed. *See also Legacy Emanuel Hosp. and Health Ctr. v. Shalala*, 97 F.3d 1261, 1265 (9th Cir.1996) (noting that use of different language by Congress in statute creates a

---

6. The word "is" was inadvertently left out of the statute. *See, e.g., United States v. Tejeda–Perez*, 199 F.3d 981, 982 (8th Cir.1999); *United States v. Graham*, 169 F.3d 787, 790 (3d Cir.1999).

7. We do not consider here whether a suspended portion of a sentence should be considered part of the "term of imprisonment."

8. In *Graham*, the alien was arguing that the "term of imprisonment" should refer to the minimum sentence that could be imposed. 169 F.3d at 789–90. The government here is arguing that the "term of imprisonment" should refer to the maximum sentence imposed. There does not appear to be any functional or analytical difference between the two arguments.

presumption that it intended the terms to have different meanings).

■ Thus, we conclude that Congress intended the phrase "for which the term of imprisonment [is] one year or more" in section 1101(a)(43)(G) to refer to the actual sentence imposed by the trial judge.

Alberto–Gonzalez was sentenced to 79 days for his burglary conviction. The burglary conviction is therefore not an aggravated felony.

■ There is no evidence in the record of the length of Alberto–Gonzalez's sentence for receipt of stolen property. The Order to Show Cause states that Alberto–Gonzalez was convicted under section 496.1 of the California Penal Code. Section 496.1 provides for punishment of "not more than one year." Cal.Penal Code § 496(a) (1999).[9] The only way Alberto–Gonzalez's conviction for receipt of stolen property was an aggravated felony as defined in section 1101(a)(43)(G) was if the sentence was exactly one year. Neither of the parties presented direct evidence as to the length of Alberto–Gonzalez's sentence. In its "Expedited Motion to Remand," submitted on April 14, 2000, however, the government withdrew its contention that Alberto–Gonzalez was convicted of an aggravated felony and conceded jurisdiction.[10] Because we have no evidence before us to suggest that Alberto–Gonzalez's conviction was not for less than one year, we retain jurisdiction over the merits of this petition for review.

In light of *Magana–Pizano*, 200 F.3d at 613–14, we REMAND to the BIA to consider whether the IJ erred in denying Alberto–Gonzalez a waiver of deportation under section 212(c).

---

9. The 1992 amendment changed the designation from 496.1 to 496(a).

10. Although the government cannot concede the question of our subject matter jurisdiction, we can use the government's motion as evidence of the length of Alberto–Gonzalez's sentence.