**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel RODRIGUEZ–LOPEZ,**
**Defendant–Appellant.**

No. 00–50527.

D.C. No. 99–CR–3474–JM.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2001.[*]

Decided Aug. 1, 2001.

Before RYMER and RAWLINSON,

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Circuit Judges, and RESTANI, Judge.**

### MEMORANDUM ***

Manuel Rodriguez–Lopez ("Appellant" or "Rodriguez–Lopez") appeals his sentencing enhancement based on his prior conviction for an "aggravated felony," as that term is defined in 8 U.S.C. § 1101(a)(43) (1994 & Supp. IV 1998). Rodriguez–Lopez argues that his 1989 conviction for grand theft auto under Cal.Penal Code § 487(3) (West 1989) does not satisfy the statutory definition of "aggravated felony" because the California statute did not require that the property stolen be valued at $1000 or more. We affirm.

An alien who unlawfully remains in or reenters the United States after having been deported, in violation of 8 U.S.C. § 1326, is sentenced according to Section 2L1.2 of the Sentencing Guidelines. *See* U.S.S.G. § 2L1.2 (2000). Although this offense carries a base level of eight, the Guidelines mandate a sixteen-level sentencing enhancement if the defendant's prior deportation followed a criminal conviction for an "aggravated felony." *Id.* § 2L1.2(b)(1)(A). An "aggravated felony" is defined, in relevant part, as "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year."[1] 8 U.S.C. § 1101(a)(43)(G). Neither the statute nor the Sentencing Guidelines elaborate on the meaning to be given the term "theft offense."

In *United States v. Corona–Sanchez,* 234 F.3d 449, 452 (9th Cir.2000), we recently addressed whether a theft offense under the California Penal Code, particularly a "petit theft with a prior," satisfied this definition of "aggravated felony." As in other cases interpreting ambiguous terms in 8 U.S.C. § 1101(a)(43), we followed the Supreme Court's "categorical approach" in *Taylor v. United States,* 495 U.S. 575, 588, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), in order to arrive at a uniform definition of "theft offense." *Id.* at 453–55. *Cf. Ye v. INS,* 214 F.3d 1128, 1133 (9th Cir.2000) (deriving "uniform definition" of "burglary" for purposes of 8 U.S.C. § 1101(a)(43)). Our *Taylor* analysis led us to conclude in *Corona–Sanchez* that "the definition of 'theft offense' should derive from the Model Penal Code, variations of which many states have adopted." 234 F.3d at 455. The Model Penal Code identifies eight different offenses that qualify as "theft." *See* Model Penal Code, §§ 223.2–223.9. Among the offenses listed is "Theft by Unlawful Taking or Disposition," of which one is guilty if, in the context of movable property, she "unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof." Model Penal Code, § 223.2(1). We understood the predicate offense at issue in *Corona–Sanchez,* petit theft with a prior, to be a subset of the broader crime labeled by the California Penal Code as "theft." *See* Cal. Pen.Code § 484(a). Comparing California's definition of "theft" with that of the Model Penal Code, we concluded that the full range of conduct contemplated by the California provision fell within the ambit of

---

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We have corrected the obvious scrivener's omission in the statutory definition of "aggravated felony" by reading in "is" before "at least one year." *Alberto–Gonzalez v. INS,* 215 F.3d 906, 909 & n. 6 (9th Cir.2000).

the Model Penal Code's definition of theft, and therefore, constituted a "theft offense" for purposes of establishing an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). *See Corona–Sanchez,* 234 F.3d at 455.

Referring to various federal felony theft provisions that provide for a minimum loss of $1000, Rodriguez–Lopez argues that the federal government has established a clear minimum loss threshold of $1000 before a theft may constitute a felony under federal law. The statute under which Rodriguez–Lopez was convicted provided that one would be guilty of grand theft for the taking of an automobile, without reference to a dollar amount. *See* Cal.Penal Code § 487(3) (West 1989). Because the full range of conduct encompassed by the grand theft provision included the taking of property worth less than $1000, which, according to Appellant's argument, would not constitute a felony theft offense under federal law, Appellant's 1989 conviction would not qualify as an "aggravated felony" for purposes of sentence enhancement.

The plain language of the statutory provision does not include a minimum loss amount, and there is no reason to imply such a limit. The only condition placed by the statute on those "theft offenses" that can qualify as "aggravated felonies" is that the term of imprisonment be at least one year. 8 U.S.C. § 1101(a)(43)(G). Examining the statutory context reveals that Congress clearly imposed such a minimum loss amount when it intended to do so. For example, only those money laundering crimes where the amount in question exceeded $10,000, as well as crimes where victims were defrauded of over $10,000, were specifically limited by Congress with dollar thresholds in order to qualify as "aggravated felonies." *See* 8 U.S.C. § 1101(a)(43)(D) & (M)(i). Congress' specification of minimum loss amounts elsewhere in the statutory definition of "aggravated felony" confirms the conscious exclusion of such a loss threshold for theft offenses. "[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Thus, this case does not present an exception to the holding of *Corona–Sanchez* that a prior conviction based on a violation of the California theft provision, Cal.Penal Code § 484(a), qualifies as a "theft offense" under 8 U.S.C. § 1101(a)(43)(G).

The judgment of the district court is therefore AFFIRMED.