Derek Anthony **MALINSKY**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–70960.
I & NS No. A27–188–758.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 2001.

Decided Nov. 1, 2001.

---

**11.** *Norris v. Sysco Corp.,* 191 F.3d 1043, 1047 (9th Cir.1999).

**12.** *Citicorp Real Estate, Inc. v. Smith,* 155 F.3d 1097, 1107 (9th Cir.1998).

720

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING,* District Judge.

## MEMORANDUM **

Derek Anthony Malinsky, a native and citizen of Canada, petitions for review of a final order of the Board of Immigration Appeals ("BIA") upholding a decision of an Immigration Judge ("IJ"). The IJ found Malinsky deportable as an aggravated felon under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(A)(iii) (current version at 8 U.S.C. § 1227(a)(2)(A)(iii)), and ineligible to apply for relief from deportation under former INA section 212(c), 8 U.S.C. § 1182(c) (1994). We deny the petition because we agree that Malinsky was convicted of "an offense involving fraud or deceit" with over $10,000 of loss to victims under 8 U.S.C. § 1101(a)(43)(M)(i).[1] The BIA erred, however, in finding Malinsky ineligible to apply for section 212(c) relief. We thus stay the mandate for 90 days to allow him to seek such relief.

IIRIRA's transitional rules apply because the deportation proceedings were initiated before April 1, 1997 and a final order of deportation was filed after October 30, 1996. *See, e.g., Alberto–Gonzalez v. INS,* 215 F.3d 906, 908 n. 3 (9th Cir. 2000). Under IIRIRA § 309(c)(4)(G), "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed [an aggravated felony]." Accordingly, if the BIA correctly concluded that Malinsky was convicted of an aggravated felony, then we lack jurisdiction to review the deportation decision. *Park v. INS,* 252 F.3d 1018, 1021 (9th Cir.2001). Nevertheless, we have jurisdiction to determine our jurisdiction. *Id.* "[T]he jurisdictional question and the merits collapse into one." *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

IIRIRA's amended definitions of "aggravated felony" apply regardless of the date of conviction, if, as in this case, the BIA's decision was rendered after IIRIRA's date of enactment. IIRIRA § 321(c); *Valderrama–Fonseca v. INS,* 116 F.3d 853, 856 (9th Cir.1997).

■ We agree with the BIA that Malinsky's mail fraud conviction was an "aggravated felony" for purposes of section 1101(a)(43)(M)(i), with a loss to victims of over $10,000. The underlying criminal judgment ordered Malinsky to pay restitution of $120,490. The plain language of the statute reads "loss to victim *or victims.*" 8 U.S.C. § 1101(a)(43)(A)(i) (emphasis added). Even if the fraudulent scheme only took $285 from each victim, the total loss to all of Malinsky's victims easily exceeded $10,000. Each count of the information was a separate use of the mails, a jurisdictional necessity to establish

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because Malinsky is an aggravated felon under section 1101(a)(43)(M)(i), we need not decide whether he is also an aggravated felon for committing a "theft offense" under section 1101(a)(43)(G) or "attempted theft" under section 1101(a)(43)(U).

the federal offense of mail fraud. Although each count was a separate letter mailed to a different person, the information did not purport to limit the number of victims. Malinsky was thus convicted of a single scheme to defraud that consisted of a total victim loss of at least $120,490. Just as in *Alberto–Gonzalez,* where the "term of imprisonment" for purposes of section 1101(a)(43)(G) was determined by the actual sentence imposed and not by the minimum or maximum potential sentence, the amount of "loss to victim or victims" was determined by the actual loss to all the victims of the fraudulent scheme as set forth in the criminal judgment. *See* 215 F.3d at 909. *Cf. Chowdhury v. INS,* 249 F.3d 970, 974 (9th Cir.2001) (suggesting that, for mail fraud, the amount of restitution in the criminal judgment may be used to determine the "loss to victim or victims").

Nevertheless, the BIA erred in finding Malinsky statutorily ineligible for section 212(c) relief. *See INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 2293, 150 L.Ed.2d 347 (2001); *Magana–Pizano v. INS,* 200 F.3d 603, 612–13 (9th Cir.1999). Accordingly, we stay the mandate for 90 days to allow Malinsky an opportunity to seek section 212(c) relief.

PETITION FOR RELIEF DENIED; MANDATE STAYED