**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE RAMON GALVEZ-MARTINEZ; MARIA DE JESUS CASTANEDA DE GALVEZ; and ALMA DELIA GALVEZ-CASTANEDA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 04-73709 <br><br> Agency Nos. A076-611-167 <br> A072-309-648 <br> A072-309-649 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2009
Pasadena, California

Before: HALL, W. FLETCHER and CLIFTON, Circuit Judges.

Petitioners Jose Ramon Galvez-Martinez, his wife Maria de Jesus Castaneda

de Galvez, and daughter Alma Galvez-Castaneda petition for review of separate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

decisions of the Board of Immigration Appeals.[1] For the reasons discussed below, we grant the petition in part with respect to Jose and remand to the BIA for further consideration of his eligibility for cancellation of removal. We deny the petition in part with respect to the imputation of Jose's physical presence in the United States to Alma and the challenge to the applicability of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) to Maria and Alma. With respect to the BIA's reduction of the period of voluntary departure granted to Maria and Alma, we grant the petition in part and remand Maria and Alma's cases to the BIA to consider whether its *In re A-M-* policy should apply to these petitioners retroactively.

## I. Statutory bars to Jose's eligibility for cancellation of removal

Without admitting to error below, the Government concedes that Jose's case should be remanded to the BIA. We agree because a determination of "good moral character" is not precluded here on either an "aggravated felony" or "crime involving moral turpitude" ground.

"Aggravated felony" includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Jose was

---

[1] This Memorandum refers to petitioners individually by their first names for the sake of brevity and clarity, because different combinations of family names are shared between them.

sentenced to only 19 days in custody for his violation of California Penal Code § 273.5(a). Thus, his conviction does not meet the condition of § 1101(a)(43)(F) that "the term of imprisonment [is] at least one year." *Cf. Alberto-Gonzalez v. I.N.S.*, 215 F.3d 906, 910 (9th Cir. 2000) (holding that "Congress intended the phrase 'for which the term of imprisonment [is] one year or more' . . . to refer to the actual sentence imposed by the trial judge").

Neither does Jose's conviction preclude a finding of good moral character because of the "crime involving moral turpitude" bar. Although a violation of California Penal Code § 273.5 for abuse of a spouse ordinarily qualifies as a "crime involving moral turpitude," *see Grageda v. U.S. I.N.S.*, 12 F.3d 919, 922 (9th Cir. 1993), Jose's conviction falls within the "petty offense" exception at 8 U.S.C. § 1182(a)(2)(A)(ii). The declaration by the California court that Jose's conviction is a misdemeanor qualifies it as a "petty offense" as a matter of law. *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 845-46 (9th Cir. 2003) ("[I]t is clear that a state court's designation of a criminal offense is binding on the BIA . . . .").

Jose's offense thus does not bar a finding of good moral character for the purposes of cancellation of removal. We grant his petition on this issue and remand his case to the BIA.

3

**II.    Imputing Jose's physical presence in the United States to Alma**

Petitioners' argument that Jose's longer physical presence in the United States should be imputed to his daughter Alma so that she might satisfy the 10-year statutory presence requirement of 8 U.S.C. § 1229b(b)(1)(A) is foreclosed by this Court's decision in *Barrios v. Holder*, 581 F.3d 849 (9th Cir. 2009). Although *Barrios* did not interpret the specific statutory section that is now before us, the "physical presence" requirement analyzed in *Barrios* is indistinguishable from § 1229b(b)(1)(A)'s requirement that an alien "has been physically present in the United States for a continuous period of not less than 10 years." 8 U.S.C. § 1229b(b)(1)(A). We decline, therefore, to impute Jose's physical presence in the United States to Alma. The BIA correctly found that Alma lacked the 10 years of physical presence necessary to qualify for cancellation of removal.

**III.    Application of IIRIRA's repeal of suspension of deportation to Maria and Alma**

Maria and Alma's placement in cancellation of removal proceedings, rather than suspension of deportation proceedings, does not amount to an impermissibly retroactive application of IIRIRA under *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001). Our decision in *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594 (9th Cir. 2002), controls the outcome here. Maria and Alma's expectations about when the INS might initiate

4

deportation proceedings were no more settled than were petitioners' expectations in *Jimenez-Angeles*. When Maria and Alma presented themselves to the INS, they lacked the seven years of presence in the country required by the pre-IIRIRA suspension of deportation statute. This case is, therefore, unlike *Hernandez de Anderson v. Gonzales*, 497 F.3d 927 (9th Cir. 2007), where the petitioner qualified for relief before she revealed herself to the authorities. *Id.* at 943-44. Petitioners here, on the other hand, are like the petitioner in *Jimenez-Angeles*: they "gave up only [their] ability to continue living illegally and undetected in the United States" when they revealed themselves to the INS. *Jimenez-Angeles*, 291 F.3d at 602.

## IV.    The voluntary departure period for Maria and Alma

We remand Maria and Alma's cases to the BIA so that the agency can determine, in the first instance, whether a change in its policy regarding Board reductions of voluntary departure periods should apply to Maria and Alma retroactively. Because Maria and Alma's cases were on appeal to this Court when the BIA changed its policy in *In re A-M-*, 23 I. & N. Dec. 737 (BIA 2005), the Supreme Court's decision in *NLRB v. Food Store Employees Union, Local 347*, 417 U.S. 1 (1974), requires that their cases be remanded to the BIA to "permit the agency to decide in the first instance whether giving the [voluntary departure

policy] change retrospective effect will best effectuate the policies underlying the agency's governing act." *Id.* at 10 n.10.

**GRANTED in part with respect to Jose's eligibility for cancellation of removal and Maria and Alma's period for voluntary departure; DENIED in part otherwise; and REMANDED for further proceedings.**