**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GIANG LAM TRAN,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 09-70956

Agency No. A042-525-676

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and W. FLETCHER, Circuit Judges.

      Giang Lam Tran, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law and claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand.

The BIA erred in concluding that Tran could not demonstrate ineffective assistance of counsel because he was statutorily ineligible for a waiver of inadmissability under section 212(h), 8 U.S.C. § 1182(h), due to his 1997 convictions for violating Cal. Penal Code § 207(a) and § 245(a)(1). Neither of Tran's convictions is an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) because the term of imprisonment for each was less than a year. *See Alberto-Gonzalez v. INS*, 215 F.3d 906, 909 (9th Cir. 2000) (term of imprisonment refers to the actual sentence imposed by the judge).

Moreover, in assessing whether Tran had shown he was prejudiced by his former counsel's assistance, the BIA applied the standard set forth in *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009), a decision which was later vacated, *see Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009), as opposed to the standard set forth in *Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003). While the government acknowledges the vacatur of *Compean*, it argues that Tran failed to demonstrate prejudice under either standard. However, "this court cannot

affirm the BIA on a ground upon which it did not rely." *Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000).

We therefore remand to the BIA to apply the correct legal standard in the first instance. *See INS v. Ventura*, 537 U.S. 12 (2002) (per curiam). On remand, both parties may present additional evidence regarding any of the predicate eligibility requirements.

**PETITION FOR REVIEW GRANTED; REMANDED.**