**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3912-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GUILLERMO PERALTA,

     Defendant-Appellant.

_____

Submitted November 10, 2021 – Decided January 25, 2022

Before Judges Gilson and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-03-0413.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, and on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Guillermo Peralta appeals from a February 3, 2020 order denying his petition for post-conviction relief (PCR) following oral argument but without an evidentiary hearing. He argues that he was entitled to an evidentiary hearing on his assertions that his trial counsel was ineffective in not fully explaining his rights to appeal the denial of his application to enter the pretrial intervention program (PTI) and the immigration consequences of his subsequent plea to violations of probation. We reject those arguments and affirm.

I.

In December 2015, defendant was arrested while he was burglarizing his aunt's home. Defendant had broken into the house through a window, which triggered an alarm. Police officers responded and found defendant in the home in possession of a cell phone and two watches. Defendant later admitted that he had stolen those items while in the home and that they were worth more than $500.

Defendant was indicted for three crimes: third-degree burglary, N.J.S.A. 2C:18-2(a)(1); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); and fourth-degree obstructing the administration of law, N.J.S.A. 2C:29-1(a). Defendant applied for admission into PTI, but the Criminal Division manager

recommended that defendant not be admitted. The prosecutor agreed with that recommendation and explained in a letter that he would not consent to defendant's PTI admission. Defendant did not file a motion with the Law Division seeking to compel his entry into PTI over the prosecutor's objection.

Instead, defendant and his counsel negotiated a plea agreement. In July 2016, defendant pled guilty to third-degree burglary and third-degree theft. Before entering that plea, defendant reviewed plea forms in which he acknowledged that he was not a United States citizen, he understood that his plea could result in his removal from the United States, and he had been informed of his opportunity to consult with an immigration lawyer, but he declined to do so. Before entering his plea, defendant was questioned by a judge and defendant confirmed that he understood the immigration consequences of his guilty plea. Indeed, the judge told defendant that if either of his crimes are considered "aggravated felonies" under federal law, he "will be subject to deportation." Defendant acknowledged that he understood those consequences of his plea and the judge then accepted the guilty plea.

In September 2016, defendant was sentenced. In accordance with his plea agreement, he was sentenced to two years of probation with conditions,

 A-3912-19

including that he serve 364 days in jail. He was also ordered to pay restitution. Defendant did not file a direct appeal.

A year later, in September 2017, defendant was charged with violating probation for failing to report, failing to complete a substance abuse evaluation, testing positive for the use of cocaine, and failing to pay court-imposed financial obligations. In April 2018, defendant pled guilty to violating probation, his probation was terminated, and he was sentenced to three years in prison.

Following his release from prison, defendant was detained by federal immigration authorities and thereafter deported. In January 2019, defendant, representing himself, filed a PCR petition. He was assigned counsel and counsel filed an amended petition, as well as a supporting brief.

On January 31, 2020, the PCR court heard oral argument on defendant's petition. Several days later, on February 3, 2020, the PCR court issued a written opinion and order denying the petition.[1] Defendant now appeals to us.

II.

On appeal, defendant presents three arguments for our consideration:

> POINT I – BECAUSE DEFENSE COUNSEL WAS INEFFECTIVE BY NOT EXPLAINING TO THE

---

[1] The record presented to us does not contain a separate order. While the opinion includes a final paragraph denying the petition, the better practice would have been to file a separate order.

DEFENDANT THE FULL IMMIGRATION LEGAL
CONSEQUENCES OF HIS PLEA TO VIOLATION
OF PROBATION OF HIS BURGLARY PLEA, THE
DEFENDANT ESTABLISHED A PRIMA FACIE
CLAIM OF INEFFECTIV[E]NESS OF COUNSEL.

POINT II – BECAUSE DEFENSE COUNSEL WAS
INEFFECTIVE BY NOT EXPLAINING TO THE
DEFENDANT HIS APPELLATE RIGHTS
CONCERNING THE DENIAL OF HIS PRE-TRIAL
INTERVENTION APPLICATION, THE
DEFENDANT ESTABLISHED A PRIMA FACIE
CLAIM OF INEFFECTIV[E]NESS OF COUNSEL.

POINT III – BECAUSE THE PETITIONER MADE
TWO PRIMA FACIE SHOWINGS OF INEFFECTIVE
ASSISTANCE OF TRIAL COUNSEL, THE COURT
MISAPPLIED ITS DISCRETION IN DENYING
POST-CONVICTION RELIEF WITHOUT
CONDUCTING A FULL EVIDENTIARY HEARING.

We are not persuaded by these arguments.

We review the denial of defendant's petition de novo because there was

no PCR evidentiary hearing. State v. O'Donnell, 435 N.J. Super. 351, 373 (App.

Div. 2014). A PCR court's decision to proceed without an evidentiary hearing

is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387,

401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must

satisfy the two-part Strickland test: (1) "counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

On petitions brought by a defendant who has entered a guilty plea, defendant satisfies the first Strickland prong if he or she can show that counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). The defendant proves the second component of Strickland by establishing "a reasonable probability that" the defendant "would not have pled guilty," but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

1. Defendant's Denial from PTI.

PTI "is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Nwobu, 139 N.J. 236, 240 (1995). The program is governed by statute and court rule. See N.J.S.A. 2C:43-12; R. 3:28; Pressler & Verniero, Current N.J. Court Rules, Guidelines on R. 3:28 at 951-63 (2022). Deciding whether to permit diversion to PTI "is a

quintessentially prosecutorial function."  State v. Wallace, 146 N.J. 576, 582 (1996).  Accordingly, "prosecutors are granted broad discretion to determine if a defendant should be diverted" to PTI instead of being prosecuted.  State v. K.S., 220 N.J. 190, 199 (2015) (citing Wallace, 146 N.J. at 582); see also State v. Negran, 178 N.J. 73, 82 (2003) (stating that courts must "allow prosecutors wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial").

"Thus, the scope of [judicial] review is severely limited."  Negran, 178 N.J. at 82.  To overturn a prosecutor's rejection, a defendant must "clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion."  State v. Watkins, 390 N.J. Super. 302, 305 (App. Div. 2007), aff'd on other grounds, 193 N.J. 507 (2008).

Having reviewed the record, we are convinced that defendant could not show a patent and gross abuse of discretion by the prosecutor.  Accordingly, he did not establish the second prong of the Strickland test.  That is, he had no reasonable prospect of overturning the prosecutor's decision on appeal to the Law Division or us.  Moreover, defendant has not shown that he would have not pled guilty.  The plea agreement his counsel negotiated was very favorable because he was initially sentenced to probation.

2. The Immigration Consequences of Defendant's Plea.

In cases involving a defendant who is not a citizen, "a defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" Brewster, 429 N.J. Super. at 392 (quoting Nuñez-Valdéz, 200 N.J. at 143). Counsel's duty encompasses informing a defendant who will enter a guilty plea of the relevant mandatory deportation law if it is "succinct, clear, and explicit" in defining the removal consequences of a conviction. Padilla, 559 U.S. at 368. Counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 331 (App. Div. 2012) (citing Padilla, 559 U.S. at 368-69).

The record amply demonstrates that defendant was fully advised of the immigration consequences of his guilty plea. In both his plea form and at the plea hearing, defendant confirmed that he had the right to consult with an immigration attorney and that he understood that by pleading guilty, he was "facing deportation." Moreover, the judge told defendant that if either of his crimes are considered aggravated felonies under federal law, he "will" be

deported. Accordingly, there was no showing that defendant was not properly advised of the immigration consequences of his plea. See Padilla, 559 U.S. at 365-66; Gaitan, 209 N.J. at 380; Nuñez-Valdéz, 200 N.J. at 139-40; Brewster, 429 N.J. Super. at 393.

Indeed, defendant does not dispute that he was informed of the immigration consequences when he pled guilty in 2016. Instead, he argues he was not informed of the immigration consequences when he pled guilty to violations of probation in 2018. Defendant contends that he only became subject to removal from the United States when his probation was revoked, and he was sentenced to three years in prison. We reject that argument given what defendant was told when he pled guilty.

Defendant's convictions became an aggravated felony under federal immigration law when he was sentenced to three years in prison following his violation of probation. See Lee v. U.S., 137 S. Ct. 1958, 1960 (2017) (explaining that a defendant is subject to mandatory deportation under 8 U.S.C. § 1227(a)(2)(A)(iii) as a result of guilty plea to an "aggravated felony," as defined by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)); 8 U.S.C. § 1101(a)(43)(G) (defining theft or burglary as an "aggravated felony" if the term of imprisonment is at least one year); U.S. v Graham, 169 F.3d 787,

790 (3d Cir. 1999) (construing 8 U.S.C. § 1101(a)(43)(G) to mean that the sentence imposed must be at least one year or more for a theft or burglary to be an aggravated felony); Alberto-Gonzalez v. Immigr. & Naturalization Serv., 215 F.3d 906, 909 (9th Cir. 2000) (same interpretation).

Nevertheless, because defendant was told of the immigration consequences when he initially pled guilty in 2016, he was aware of those consequences when he pled guilty to violating probation in 2018. The violation of probation did not subject defendant to a higher degree of crime than he faced when he originally pled guilty. Nor did the plea to a violation of probation expose defendant to a longer potential prison term. In that regard, when defendant was sentenced to probation, the sentencing judge told him that if he violated probation, he would face a prison sentence of up to ten years. In short, the material indisputable facts do not support defendant's argument.

It is also important to recognize that defendant is not seeking to, and cannot, withdraw his guilty plea to the crimes. Instead, he seeks to withdraw his plea to violating probation. He does not claim, however, that he did not violate probation. Consequently, there is also no showing that there was "a reasonable probability that" the defendant "would not have pled guilty," but for

counsel's alleged errors.  See Gaitan, 209 N.J. at 351 (quoting Nuñez-Valdéz, 200 N.J. at 139).

3. There Was No Need for An Evidentiary Hearing.

A defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie showing in support of the petition, "there are 'material issues of disputed fact that cannot be resolved by reference to the existing record,' and a 'hearing is necessary to resolve the claims for relief.'" State v. Rose, 458 N.J. Super. 610, 624 (App. Div. 2019) (quoting R. 3:22-10); see also State v. Preciose, 129 N.J. 451, 462 (1992).  To establish a prima facie case, "a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth" in Strickland.  Preciose, 129 N.J. at 463.  Because defendant did not make a prima facie showing of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3912-19