UNITED STATES of America,
Plaintiff–Appellee,

v.

Roberto ECHAVARRIA–ESCOBAR, aka, Roberto Escobar; aka, Baudilo Echeveria; aka, Roberto Car Escobar–Rodriguez, Defendant–Appellant.

No. 00–10570.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001*

Filed Oct. 18, 2001

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Ronald C. Rachow, Assistant United States Attorney, Reno, Nevada, for the plaintiff-appellee.

Michael K. Powell, Office of the Federal Public Defender, Reno, Nevada, for the defendant-appellant.

Before: HALL, WARDLAW, and BERZON, Circuit Judges.

WARDLAW, Circuit Judge:

Roberto Echavarria–Escobar ("Echavarria") appeals his sentence of 46 months imprisonment for illegal reentry into the United States following deportation and an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a). He challenges the increase of his sentence by 16 levels pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A), contending that because his prior theft offense sentence was suspended, it did not constitute an aggravated felony. We disagree. Like every other circuit court that has considered this question, we conclude that imposition of a sentence meeting the requirements of 8 U.S.C. § 1101(a)(43), even if later suspended, satisfies the requirements of 8 U.S.C. § 1326(b)(2). We also reject Echavarria's argument that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence 16 levels without charging his previous aggravated felony in the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

On April 15, 1999, Echavarria was convicted of the felony offense of theft, in violation of Nevada Revised Statute ("NRS") 205.0832 and sentenced to a term of imprisonment of 12 to 32 months. His sentence was later suspended, and he was placed on probation not to exceed 36 months. Because Echavarria is not a citizen of the United States, he was detained by the United States Immigration and Naturalization Service ("INS") following

this felony conviction. He was deported to El Salvador on November 22, 1999.

On May 21, 2000, Echavarria was arrested in Reno, Nevada. Four days later, INS agents encountered Echavarria at the Washoe County Jail while conducting a routine jail inspection. During a June 3, 2000 interview, Echavarria admitted having been previously deported on November 22, 1999. He also admitted that he illegally entered the United States near Nogales, Arizona on May 16, 2000.

On June 14, 2000, the Federal Grand Jury in Reno, Nevada returned a single-count indictment against Echavarria. The indictment charged Echavarria with Illegal Reentry of a Deported or Removed Alien, in violation of 8 U.S.C. § 1326. The indictment did not charge a prior aggravated felony conviction.

Echavarria appeared in the United States District Court for Nevada on August 16, 2000, at which time he pleaded guilty to the single-count indictment. Before accepting Echavarria's guilty plea, the judge explained that if the court, during sentencing, were to find that Echavarria committed an aggravated felony, his sentence would be enhanced 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Finding that Echavarria's guilty plea was voluntary and intelligent, the district court accepted the guilty plea and set sentencing for November 16, 2000.

Before sentencing, Echavarria made two objections to the findings set forth in the Presentence Report ("PSR"): (1) that he had neither been charged with, nor admitted, the existence of a prior aggravated felony; and (2) that pursuant to *Apprendi*, the statutory maximum sentence for his offense should be two years rather than twenty years. At sentencing, Echavarria abandoned his first objection, conceding that "the Government ha[d] met its burden with respect to the conviction for purposes of sentencing" and also that "[t]he certified copy of the conviction that ... was supplied ... establishe[d] its validity for purposes of sentencing." The district court overruled Echavarria's *Apprendi* objection, finding that "*Apprendi* did not apply to the facts of this case."

Beginning with a base offense level 8 as recommended in the PSR, the district court increased it by 16 levels, finding that Echavarria had committed a prior aggravated felony for theft. The court then decreased the offense level by three for acceptance of responsibility, and found that 21 was the correct offense level. The court further found a criminal history category of III based on a four point total, which placed Echavarria in a 46–57 month range. The court sentenced him to a term of incarceration of 46 months, 3 years supervised release, and assessed a $100 fine. Although the original judgment and conviction stated a conviction for a single count in violation of 8 U.S.C. § 1326(a) and (b)(2), we permitted the parties to file an amended Judgment and Conviction, which does not reference 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000) (Judgment and Conviction should only reflect a violation of 8 U.S.C. § 1326(a)).

## II. PRIOR AGGRAVATED FELONY

### A. Waiver

 Echavarria argues for the first time on appeal that the sentence imposed for his Nevada state theft offense cannot constitute an aggravated felony for purposes of enhancing his present sentence under 8 U.S.C. § 1326(b)(2), because that sentence was suspended. Generally, we do not consider issues raised for the first time on appeal. *Bolker v. Comm'r,* 760 F.2d 1039, 1042 (9th Cir.1985). There are, however, four · exceptions to this rule, where: (1) there are exceptional circumstances why the issue was not raised in the

trial court; (2) new issues have become relevant while the appeal was pending because of change in the law; (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court; or (4) plain error has occurred and injustice might otherwise result. *United States v. Robertson,* 52 F.3d 789, 791 (9th Cir.1994).

■ Conceding that he failed to raise this issue before the district court, Echavarria argues that the third exception applies because the district court erred in interpreting the words used in the sentencing guidelines and statutes. We agree that this exception applies. Because "[a] district court's construction and interpretation of the Sentencing Guidelines are legal determinations," *United States v. MacDonald,* 992 F.2d 967, 970 (9th Cir.1993), we will review Echavarria's claim of sentencing error, notwithstanding his earlier failure to raise it.

### B. Aggravated Felony

■ Echavarria claims that because the 1996 amendments to the United States Code ("U.S.C."), codified at Omnibus Consolidated Appropriations Act of 1997, Pub.L. 104–208, Div. C, § 321(a), 110 Stat. 3009–628, 1996 HR 3610 (September 30, 1996), omitted language referring to suspension of imprisonment, in 8 U.S.C. § 1101(a)(43), the Sentencing Guidelines' exclusive reference to 1101(a)(43) for the definition of "aggravated felony" now means that the government must prove that the defendant actually served a sentence of imprisonment of at least one year. *See* Note 1 of the Application notes to U.S.S.G. § 2L1.2. He finds further support for his argument in the fact that the Application Notes to the U.S.S.G. under § 2L1.2 were amended after the 1996 Amendments to the Immigration Code, *see* Guideline Manual, Appendix C, Amendment 562, yet

Note 1 of the Application Notes to U.S.S.G. § 2L1.2 refers only to 8 U.S.C. § 1101(a)(43). Thus, Echavarria contends that when determining whether a defendant committed an aggravated felony as defined under U.S.S.G. § 2L1.2, a suspended sentence should not be considered part of the required term of imprisonment. We disagree.

The commentary to the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, states that for purposes of the guideline an aggravated felony is defined at 8 U.S.C. § 1101(a)(43). Before the 1996 amendments, an aggravated felony was defined in 8 U.S.C. § 1101(a)(43)(G) (1995), as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years." The 1996 amendments changed the definition provided in § 1101(a)(43)(G) to read "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [sic] at least one year." The former parenthetical discussing suspension of imprisonment was moved to § 1101(a)(48)(B), which provides that "[a]ny reference [in § 1101(a) ] to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."

It is plain to us that when Congress moved the parenthetical discussing suspended sentences from § 1101(a)(43)(G) to § 1101(a)(48)(B), it did not intend to change the sentence imposition requirement, but rather intended to broaden the category of aliens deportable under 8 U.S.C. § 1326. As the Supreme Court recently explained, "[w]hile the term, [ag-

gravated felony,] has always been defined expansively, it was broadened substantially by IIRIRA. For example, as amended by that statute, the term includes all convictions for theft or burglary for which a term of imprisonment of at least one year is imposed (as opposed to five years pre-IIRIRA)...." *INS v. St. Cyr*, 533 U.S. 289, —— n. 4, 121 S.Ct. 2271, 2276 n. 4, 150 L.Ed.2d 347 (2001). This conclusion is supported by the Conference Report on the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, *see* 142 Cong. Rec. H10841–02 (September 24, 1996) ("[T]he purpose of the amendments to the INA was to improve deterrence of illegal immigration to the United States ... by reforming exclusion and deportation law and procedures."), and the statements contained in the Congressional Record, *see* Senate Proceedings and Debates of the 104th Congress, Second Session, 142 Cong. Rec. S11886–01 (Sept. 30, 1996) (The 1996 Amendments "broaden[ ] the definition of 'aggravated felony' to include a much greater number of crimes than previously were in this category. It would include, for example, certain crimes for which a term of imprisonment imposed is one year (previously this was five years)."); *see also* Congressional Record—Senate Proceedings and Debates of the 104th Congress, Second Session, 142 Cong. Rec. S11838–01 (Sept. 30, 1996) (The 1996 amendments to the INA "broaden[ ] the definition of 'aggravated felony' for purposes of our immigration laws, even beyond the new Terrorism Act, to include [a] decrease in the imprisonment threshold for theft, ... from 5 years to 1 year.").

Both the Eleventh Circuit and the Third Circuit have suggested that Congress did not intend to require actual service of a sentence. The Eleventh Circuit stated: "We agree with the Third Circuit's reading of § 1101(a)(43)(G) and its reasoning and hold that an aggravated felony is defined by the sentence *actually imposed*." *Unit-*

*ed States v. Guzman–Bera*, 216 F.3d 1019, 1020 (11th Cir.2000) (emphasis added); *see also id.* ("The [Third Circuit] reasoned that ... there was no evidence that Congress intended to depart from its prior position that an aggravated felony is determined by the *imposed imprisonment*") (citing *United States v. Graham*, 169 F.3d 787, 790 (3d Cir.), *cert. denied*, 528 U.S. 845, 120 S.Ct. 116, 145 L.Ed.2d 99 (1999)) (emphasis added).

In addition, although we have previously left unaddressed whether a suspended sentence meets the aggravated felony requirement of § 1101(a)(43), *see Alberto–Gonzalez v. INS*, 215 F.3d 906, 909 n. 7 (9th Cir.2000) (declining to "consider ... whether a suspended portion of a sentence should be considered part of the 'term of imprisonment.'"), our colleagues in the First, Second, Third, Fifth, Eighth, Tenth, and Eleventh circuits have been uniform in their consideration of this issue. Each has held that whether a defendant's sentence was suspended is immaterial when determining whether a suspended sentence meets the aggravated felony requirements of § 1101(a)(43). *See, e.g., United States v. Christopher*, 239 F.3d 1191, 1194 (11th Cir.2001) (The defendant's theft offense constituted an "aggravated felony" because "[t]he state court sentenced [defendant] to 12 months incarceration on his theft offense. Since the sentence imposed is the controlling factor, [defendant's] theft offense qualifies as an 'aggravated felony.' The fact that the state court suspended his sentence is irrelevant."); *Sousa v. INS*, 226 F.3d 28, 33 n. 4 (1st Cir.2000) ("The fact that [the defendant's] sentence was initially suspended does not matter" because he was sentenced by a court of law to a "crime of violence" of more than one year. Thus, the defendant's crime constituted an aggravated felony for sentencing purposes.); *United States v. Pacheco*, 225 F.3d 148, 154 (2d Cir.2000) ("[I]t is imma-

terial that [the defendant's] sentence was suspended" in determining, for purposes of sentencing a defendant for illegal reentry, whether a prior offense has a term of imprisonment of at least one year.), *cert. denied,* —— U.S. ——, 121 S.Ct. 2246, 150 L.Ed.2d 234 (2001); *United States v. Marquez-Gallegos,* 217 F.3d 1267, 1270 (10th Cir.) ("[T]he fact that [the defendant's] three-year sentence was suspended is irrelevant" in determining, for purposes of sentencing a defendant for illegal reentry, whether a prior offense has a term of imprisonment of at least one year), *cert. denied,* 531 U.S. 905, 121 S.Ct. 246, 148 L.Ed.2d 178 (2000); *Lopez-Elias v. Reno,* 209 F.3d 788, 791 (5th Cir.2000) ("That [defendant's] four-year sentence was suspended is of no significance, for IIRIRA makes plain that '[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.'" (citation omitted)), *cert. denied,* 531 U.S. 1069, 121 S.Ct. 757, 148 L.Ed.2d 660 (2001); *U.S. v. Tejeda-Perez,* 199 F.3d 981, 982 (8th Cir.1999) ("A conviction is an aggravated felony within the meaning of § 2L1.2 if the defendant receives a sentence of at least one year, even if the sentence is suspended."); *Graham,* 169 F.3d at 790–91 (3d Cir.1999) (Because the former statute defined aggravated felony as "a theft offense ... for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years" and because Congress, when amending the statute, did not intend to change the sentence imposition requirement, but, instead, simply lowered the penalty required to make a theft violation an aggravated felony from five years to one year, the court should look at the sentence imposed rather than the sentence authorized. (alteration in original)); *United*

*States v. Banda-Zamora,* 178 F.3d 728, 730 (5th Cir.1999) (relying on 8 U.S.C. § 1101(a)(48)(B) in holding that when a court orders a period of incarceration and then suspends it, the conviction is an aggravated felony). We find ourselves in agreement with each of the other circuits that has concluded that a sentence that has been imposed, and subsequently suspended, constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43). Furthermore, we hold that the reference to 8 U.S.C. § 1101(a)(43) in the commentary to U.S.S.G. § 2L1.2 not only incorporates § 1101(a)(43)'s definition of aggravated felony, but also 8 U.S.C. § 1101(a)(48)(B)'s unambiguous supplement to that definition.

This interpretation provides consistency between 8 U.S.C. § 1326(b)(2), which authorizes sentencing enhancements when a defendant has a prior conviction for an aggravated felony, and the Sentencing Guideline, which actually provides for these enhancements. Both provisions use the term "aggravated felony," and the Guideline Commentary's reference only to the statute makes clear the intention that the term should have the same meaning for purposes of the Guideline as it does for purposes of the statute. If the Guideline contained any indication that its use of the term "aggravated felony" was intended to be more limited for purposes of the Guideline, then Echavarria's arguments possibly would have merit. But absent any indication at all to the contrary, we hold that the Guideline's incorporation of the term "aggravated felony" as defined at 8 U.S.C. § 1101(a)(43) references that provision as it is understood when the statute is read in its entirety.

■ Echavarria also cites to U.S.S.G. § 4A1.2, Application Note 2 to support his argument that a defendant must actually serve a period of imprisonment on a sen-

tence to qualify as a sentence of imprisonment. This argument misapprehends § 4A1.2. Because "[s]ection 4A1.2(b) defines 'sentence of imprisonment,' rather than 'term of imprisonment,' and the definition is for the purpose of computing a defendant's criminal history category, ... U.S.C. § 1101(a)(48)(B), not U.S.S.G. § 4A1.2(b) applies for the purposes of defining 'term of imprisonment' in U.S.S.G. § 2L1.2." *Tejeda–Perez*, 199 F.3d at 982; *see also United States v. McKenzie*, 193 F.3d 740, 742 (3d Cir.1999) (same); *United States v. Chavez–Valenzuela*, 170 F.3d 1038, 1039 (10th Cir.1999) (same).

Therefore, we conclude that imposition of a one year sentence, even if later suspended, satisfies the requirements under 8 U.S.C. § 1326(b)(2).

## III. *APPRENDI*

■ Echavarria also challenges his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), arguing that the fact of his prior conviction is an element of the offense of illegal reentry under 8 U.S.C. § 1326 that must be charged in the indictment. Thus, Echavarria claims that the district court committed reversible error by enhancing his sentence 16 levels under U.S.S.G. § 2L1.2(b)(1)(A).

Echavarria's argument is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000) ("*Apprendi* ... preserved the specific holding of *Almendarez Torres*" because *Apprendi* specifically excluded "fact[s] of prior conviction" from its holding), *cert. denied,* — U.S. —, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001); *see also United States v. Fresnares–Torres*, 235 F.3d 481 (9th Cir.2000) ("[T]he subsection increasing the penalty for previous deportation following conviction for an aggravated felony-was a mere penalty provision for recidivist behavior and did not define a separate of-

fense."), *cert. denied,* — U.S. —, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Echavarria also attempts to limit *Pacheco–Zepeda*'s holding to only those defendants who fail to challenge the accuracy of the prior conviction. This argument runs contrary to the plain language of *Pacheco–Zepeda*. There we stated that "*Apprendi* held that *all* prior convictions—not just those admitted on the record—were exempt from *Apprendi's* general rule and, under *Almendarez–Torres*, may continue to be treated as sentencing factors." *Pacheco–Zepeda*, 234 F.3d at 415 (emphasis in original); *see also United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir. 2001) ("'Although *Apprendi* does refer to the fact that the defendant in *Almendarez–Torres* did not challenge the accuracy of his prior convictions, nowhere does *Apprendi* limit *Almendarez–Torres* to cases where a defendant admits prior aggravated felony convictions on the record.'" (alteration in original) (citation omitted)).

■ Finally, Echavarria suggests that we can overrule or should ignore Supreme Court precedent because Justice Thomas, the fifth vote in *Almendarez–Torres*, has since stated that he had erred in joining the majority in *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 520–21 (Thomas, J., concurring). As we noted in *Pacheco–Zepeda*, we cannot ignore controlling Supreme Court authority based on speculation as to the possibly evolving individual views of the Supreme Court Justices. *See Pacheco–Zepeda*, 234 F.3d at 414 (holding that although *Almendarez–Torres* may be overruled, "[u]nless and until *Almendarez–Torres* is overruled by the Supreme Court, we must follow it"); *see also Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (directing appellate courts to "'leav[e] to this Court the prerogative of overruling its own decisions'" (citation omitted)).

We hold, therefore, that the district court's enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) did not violate *Apprendi*.

## IV. CONCLUSION

Because Echavarria was sentenced to more than 12 months for his prior aggravated felony, though the sentence was later suspended, and because *Pacheco–Zepeda* forecloses Echavarria's *Apprendi* argument, the decision of the district court is AFFIRMED.