**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felipe BONILLA–GARCIA, Defendant–Appellant.**

No. 01–10315.

D.C. No. CR–99–00132–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before SCHROEDER, Chief Judge, and TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Felipe Bonilla–Garcia appeals his 70–month sentence following his guilty plea for illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

(1) Bonilla–Garcia first complains that the district court erred when it applied the 16–level enhancement to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based upon his previous state convictions for two aggravated felonies. He claims that the government failed to prove by clear and convincing evidence that there was sufficient evidence that he suffered the 1989 and 1990 convictions listed in the Pre–Sentence Report ("PSR").

Assuming, *arguendo*, that the clear and convincing standard of proof does apply at sentencing to the fact of Bonilla–Garcia's convictions because the sentencing enhancement based on those convictions increased his offense level by 16 and more than tripled the applicable guideline range, *see, e.g., United States v. Jordan*, 256 F.3d 922, 926–29 (9th Cir.2001), any error by the district court in not applying that standard was harmless, because the PSR specified the statutes of conviction and the salient underlying facts with respect to each state conviction, *see United States v. Romero–Rendon*, 220 F.3d 1159, 1163–65 (9th Cir.2000). Moreover, Bonilla–Garcia did not contest the accuracy of the PSR, but only challenged whether the government met its burden of proof. *See id.; cf. United States v. Munoz*, 233 F.3d 1117, 1127 (9th Cir.2000) (holding that district court erred by relying solely on PSR for proof of prior convictions for purposes of sentencing where defendants challenged the factual allegations contained in the PSR upon which the enhancement was based, distinguishing *Romero–Rendon*).

(2) Bonilla–Garcia's challenge based upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by *United States v. Echavarria–Escobar*, 270 F.3d 1265, 1271–72 (9th Cir.2001) (rejecting attempt to limit *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000), *cert. denied*, — U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001)).[1]

**AFFIRMED.**

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Bonilla–Garcia argues that *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998), should not apply because the immigration statute at issue there has since undergone substantial modification. He waived this argument, however, because he did not raise it until his reply brief. *See Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir.2001) (en banc).