UNITED STATES of America,
Plaintiff—Appellee,

v.

Rigoberto HERNANDEZ–MATA,
Defendant—Appellant.

No. 02–10037.
D.C. No. CR–01–00695–1–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted May 30, 2002 *.

Decided Aug. 29, 2002.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Defendant-appellant Rigoberto Hernandez–Mata pled guilty to one count of reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b), and was sentenced to fifty-one months' imprisonment. Hernandez–Mata appeals his sentence, arguing that the district court should have given him an additional two-point reduction for "savings to the government," because the government offers this reduction, as part of its standard plea agreement, to other defendants similarly situated to Hernandez–Mata. Hernandez–Mata also argues that because his indictment did not allege his previous conviction, the maximum sentence he should have received is two years' imprisonment.

We can easily dispose of Hernandez–Mata's second argument, because it is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and this court's decisions in *United States v. Echavarria–Escobar*, 270 F.3d 1265, 1271–72 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1943, 152 L.Ed.2d 847 (2002), and *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), holding that a prior aggravated felony conviction is merely a sentencing factor and is not an element of the offense. The district court's judgment is therefore affirmed with respect to this claim.

With respect to Hernandez–Mata's first claim, we lack jurisdiction to review a district court's discretionary refusal to depart downward, unless that refusal was based on the district court's belief that it lacked authority to depart. *United States v. Rodriguez–Lopez*, 198 F.3d 773, 775 (9th Cir. 1999). As no other section of the guidelines authorizes the additional two-point reduction Hernandez–Mata sought, § 5K2.0 is the only section of the Sentencing Guidelines under which the district

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court could have granted the reduction. In the present case, the record indicates that the district court knew it had authority to depart under § 5K2.0, but chose not to do so. Hernandez–Mata did not object to the guidelines calculations in the pre-sentence report, but argued that the district court should exercise its discretion to give him an additional two-point reduction so Hernandez–Mata's sentence would be on par with the sentences of other similarly situated defendants. After considering both parties' arguments, the district court found no reason for departure, and sentenced Hernandez–Mata at the bottom of the guideline range.

Because the district court exercised it discretion not to depart downward, we lack jurisdiction over this claim. Accordingly, this claim is dismissed.

AFFIRMED IN PART AND DISMISSED IN PART.