UNITED STATES of America, Plaintiff—Appellee,

v.

Jose Guadalupe PEREZ–HERNAN-DEZ, Defendant—Appellant.

No. 01–10307.
D.C. No. CR–00–00197–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 24, 2002.

Before D.W. NELSON, BEEZER, and WARDLAW, Circuit Judges.

MEMORANDUM *

Jose Guadalupe Perez–Hernandez appeals various aspects of his sentence upon conviction for illegal re-entry in violation of 8 U.S.C. § 1326(a). We affirm the judgment and sentence, but remand for striking of the reference to § 1326(b) from the judgment order.

First, Perez argues that because the sentence imposed for his prior Nevada armed robbery conviction was suspended, it does not meet the "one-year term of imprisonment" requirement of 8 U.S.C. § 1101(a)(43)(F). Thus, he contends the district court erred by enhancing his offense level by sixteen for an aggravated felony conviction. Because we have previously rejected this argument in *United States v. Echavarria–Escobar,* 270 F.3d 1265, 1267 (9th Cir.2001), we reject it again now.

Perez also makes an as-applied equal protection challenge to the sentencing enhancement. He argues that the unique Nevada sentencing procedures which require imposition of a prison sentence and suspension of that sentence prior to an award of probation place him at a disadvantage when compared to other states' procedures allowing for imposition of straight probation. Because the record is wholly devoid of any evidence that a defendant similarly situated to Perez in another geographic location would not also have been sentenced to a term of imprisonment, his equal protection challenge fails.

Nor did the district court err in assessing Perez three additional criminal history points for recency of prior misconduct. Sentencing Guidelines §§ 4A1.1(d) and (e) call for the addition of criminal history points where the defendant illegally re-entered the country during the probationary sentence and within two years of release from the sentence imposed on a previous conviction. While Perez admits having initially re-entered the United

---

States during this forbidden interval, he claims that he left and then re-entered the country again in 1999, commencing a new § 1326 violation beyond the reach of §§ 4A1.1(d) and (e).

Comments to the Sentencing Guidelines, when applied to the circumstances of Perez's presence in the United States, undermine Perez's argument. The comments to §§ 4A1.1(d) and (e) explain that those sections encompass conduct that is "any part of the instant offense (i.e. relevant conduct)." That Perez enjoyed strong, long-standing ties to the United States subsequent to his re-entry in 1995 suggests that Perez lived primarily in this country for several years. As such, his presence in the country prior to leaving in 1999 was "part of" or "relevant to" his presence after re-entering. Perez's current § 1326 violation thus commenced in 1995, and the addition of criminal history points for recency of prior misconduct was appropriate.

Finally, we remand with instructions to the district court to enter a corrected judgment of conviction which does not refer to § 1326(b). *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1065–66 (9th Cir. 2000).

AFFIRMED, and REMANDED with instructions.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.