UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO MANALASTAS, Jr., | No. 08-73260 |
| Petitioner, | Agency No. A036-124-784 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING. |
| Respondent. | |

Before: D.W. NELSON, FISHER, and CHRISTEN, Circuit Judges.

The Memorandum Disposition filed on May 18, 2012 is AMENDED as follows:

On page 2 of the Memorandum Disposition, the following sentence is added, "After Manalastas violated his probation, the state court terminated his probation and ordered him to serve six months in county jail," after the sentence which states: "As a result, Manalastas received a one-year suspended sentence, 27 days in jail, and three years of summary probation." The next two sentences are also modified to state the following:

> Manalastas does not contest that his conviction under Section 273.5(a) constitutes a "crime of violence" as defined by 18 U.S.C. § 16. Instead, he contends that his actual sentence constitutes a term of imprisonment of less than one year.

On pages 2–3 of the Memorandum Disposition, the following sentences are inserted following the reference to 8 U.S.C. § 1101(a)(48)(B) and *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1270 (9th Cir. 2001):

> Manlastas has not shown that the six-month sentence imposed after his probation violation vacated and replaced the original one-year sentence such that the original sentence had no legal effect for immigration purposes. *Cf. United States v. Moreno-Cisneros*, 319 F.3d 456, 458 (9th Cir. 2003) (holding, in the sentencing context, that a California "prison sentence imposed after revocation of probation should be *included in* calculating the length of the sentence imposed for the prior offense," not that it should be considered a replacement thereof) (emphasis added); *see also Matter of Cota-Vargas*, 23 I.&N. Dec. 849, 852 (BIA 2005) (distinguishing between a trial court's decision to reduce a non-citizen's criminal sentence *ab initio*, which must be afforded full faith and credit by immigration judges and the BIA, with a trial court's decision to order a term of imprisonment, but then suspend or execute it only in part, which does not alter the immigration consequences of the original sentence).

Due to these modifications, the last sentence of the Memorandum Disposition is deleted: "Given our resolution of this issue, we do not need to address the separate arguments regarding how a sentence imposed pursuant to a probation violation should be calculated for immigration purposes."

An amended Memorandum Disposition will be filed simultaneously with this order.

Petitioner's Petition for Panel Rehearing is DENIED. No further petitions for rehearing may be filed.

2

FILED

NOT FOR PUBLICATION

JUL 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALFREDO MANALASTAS, Jr.,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73260

Agency No. A036-124-784

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2012
Pasadena, California

Before: D.W. NELSON, FISHER, and CHRISTEN, Circuit Judges.

Alfredo Manalastas, a native and citizen of the Philippines, petitions for

review of a final order of removal from the Board of Immigration Appeals (BIA).

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for

review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

A non-citizen who has been convicted of an aggravated felony is not eligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3). The Immigration and Nationality Act (INA) defines an "aggravated felony" as including a "crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

On June 12, 1996, Manalastas was convicted of violating California Penal Code § 273.5(a). As a result, Manalastas received a one-year suspended sentence, 27 days in jail, and three years of summary probation. After Manalastas violated his probation, the state court terminated his probation and ordered him to serve six months in county jail. Manalastas does not contest that his conviction under Section 273.5(a) constitutes a "crime of violence" as defined by 18 U.S.C. § 16. Instead, he contends that his actual sentence constitutes a term of imprisonment of less than one year.

The INA defines a "term of imprisonment" as "includ[ing] the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B); *see also United States v. Echavarria-Escobar*, 270 F.3d 1265, 1270 (9th Cir. 2001) ("[A] sentence [of at least one year] that has been imposed, and subsequently suspended, constitutes an

2

aggravated felony under 8 U.S.C. § 1101(a)(43).").  Manlastas has not shown that the six-month sentence imposed after his probation violation vacated and replaced the original one-year sentence such that the original sentence had no legal effect for immigration purposes.  *Cf. United States v. Moreno-Cisneros*, 319 F.3d 456, 458 (9th Cir. 2003) (holding, in the sentencing context, that a California "prison sentence imposed after revocation of probation should be *included in* calculating the length of the sentence imposed for the prior offense," not that it should be considered a replacement thereof) (emphasis added); *see also Matter of Cota-Vargas*, 23 I.&N. Dec. 849, 852 (BIA 2005) (distinguishing between a trial court's decision to reduce a non-citizen's criminal sentence *ab initio*, which must be afforded full faith and credit by immigration judges and the BIA, with a trial court's decision to order a term of imprisonment, but then suspend or execute it only in part, which does not alter the immigration consequences of the original sentence).  Because Manalastas received an initial suspended sentence of one year, this conviction qualifies as an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F).

**PETITION FOR REVIEW DENIED.**