FILED

AUG 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30082 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00096-BLW-3 |
| v. | |
| LUCIO LANDEROS-VALDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted July 9, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Plaintiff Lucio Landeros-Valdez ("Landeros-Valdez") argues that there is

insufficient evidence to support his conviction for possession with the intent to

distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and

18 U.S.C. § 2. Landeros-Valdez also challenges his mandatory minimum sentence

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of twenty years, pursuant to 21 U.S.C. § 841(b)(1)(A)(viii).  The facts of this case are known to the parties and there is no need to restate them.  We AFFIRM.

**1.**  Landeros-Valdez was convicted at a joint trial with co-defendant Jose Octavio Arreola-Beltran ("Arreola-Beltran").  A third co-defendant, Jose Gabriel Virgen, testified as a government witness.  At trial, the government presented evidence that Landeros-Valdez aided and abetted Arreola-Beltran.  To support this theory, the government provided evidence showing: (1) Arreola-Beltran committed the offense of possession with intent to distribute methamphetamine; (2) Landeros-Valdez knowingly and intentionally aided, counseled, commanded, induced, or procured Arreola-Beltran to commit the crime; and (3) Landeros-Valdez acted as an aider and abettor before the crime was completed.  *United States v. Delgado*, 357 F.3d 1061, 1067 (9th Cir. 2004).  Thus, "[v]iewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found" that the essential elements of the crime of possession with the intent to distribute methamphetamine were proved beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 334 (1979) (internal quotation marks omitted); *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000).

**2.**  Landeros-Valdez objects to the imposition of a mandatory minimum twenty year sentence pursuant to § 841(b)(1)(A)(viii).  Landeros-Valdez's opening

brief conceded that because Landeros-Valdez did not object to the sentence enhancement before the district court, this court should review for plain error. Fed. Rule App. Proc. 28(a)(9)(B) (the appellant is required to identify the standard of review in his or her opening brief). Landeros-Valdez's opening brief did not cite Ninth Circuit precedent that states that we are not bound by plain error review. *Cf. United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001). Because this issue was not raised in Landeros-Valdez's opening brief, this argument is waived. *Image Technical Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1356-57 (9th Cir. 1998).

To prevail under plain error, Landeros-Valdez must show an error: (1) that has not been intentionally relinquished or abandoned, (2) that is clear or obvious, (3) that affected the outcome of the district court proceedings, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Landeros-Valdez cannot meet part two of this test because the application of the § 841 sentence enhancement was not a "clear or obvious" error. *Id.*

**AFFIRMED.**