NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOMADIX, INC., | No. 20-55439 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-04980-AB-FFM |
| v. | |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted August 4, 2021
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

In this diversity action, Nomadix, Inc. ("Nomadix") sued Guest-Tek

Interactive Entertainment Ltd. ("Guest-Tek"), alleging that Guest-Tek had

breached the forum selection clause in the parties' License Agreement by

challenging the validity of Nomadix's patents before the U.S. Patent and

Trademark Office's Patent Trial and Appeal Board ("PTAB"). The district court

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

granted summary judgment to Nomadix and, applying California Civil Code § 3422, entered a permanent injunction enjoining Guest-Tek from filing certain petitions with the PTAB. Guest-Tek challenges the district court's summary judgment and permanent injunction orders. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

We review de novo the district court's grant of summary judgment and its interpretation of the forum selection clause in the License Agreement. *See Curley v. City of North Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014); *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). "We review the district court's decision to grant a permanent injunction for abuse of discretion." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 965 (9th Cir. 2017). But "questions of law underlying the district court's decision" are reviewed de novo. *Id.*

1.     The forum selection clause provides: "[A]ll disputes arising . . . *in connection with* this [License] Agreement shall be brought in the United States District Court for the Central District of California . . . ." (emphasis added).[2] "We

---

[1] We grant Nomadix's unopposed motion to take judicial notice of certain documents that have been filed in related district court and PTAB proceedings involving Nomadix and Guest-Tek. Dkt. No. 47.

[2] The forum selection clause also provides that "[t]o the extent that any dispute arising out of this Agreement may not be brought in the District Court, such dispute shall be brought in a California Superior Court in Los Angeles County or Orange County . . . ."

apply federal contract law to interpret the scope of a forum-selection clause even in diversity actions, such as this one." *Sun*, 901 F.3d at 1086. In *Sun*, we interpreted a forum selection clause that used analogous language and held that "forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement." *Id.* (citation omitted); *see also id.* ("relating to" is synonymous with "in connection with" (citation omitted)). Here, the patent validity disputes have a "logical or causal connection" to the License Agreement because the validity of the patents affects Guest-Tek's obligation to pay royalties under the License Agreement. Thus, the forum selection clause required Guest-Tek to bring the patent validity disputes in the Central District of California, and Guest-Tek breached the License Agreement by instead bringing its patent validity challenges before the PTAB. The district court therefore properly granted summary judgment to Nomadix.

Guest-Tek counters that the PTAB proceedings do not arise in connection with the License Agreement because the PTAB determines only patent invalidity and interpreting or analyzing contracts like the License Agreement are outside the scope of the PTAB's authority. But we rejected that argument in *Sun*: "The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract." *Id.* Thus, whether the PTAB would have to

analyze or interpret the License Agreement says nothing about whether the PTAB proceedings arise in connection with the License Agreement. *See id.* The relevant question is whether the validity of the patents has a logical or causal connection to the License Agreement. As we have already found, they do, because the validity of the patents affects Guest-Tek's obligation to pay royalties under the License Agreement.

Guest-Tek also contends that the forum selection clause is inapplicable because the *PTAB proceedings* have no causal connection to this lawsuit. That argument, however, misapprehends the relevant inquiry. In determining the scope of the forum selection clause, the relevant inquiry is whether the PTAB disputes over patent validity arise in connection with *the License Agreement*, not whether the PTAB disputes relate to this lawsuit.

Guest-Tek's remaining arguments are also unpersuasive. We reject Guest-Tek's argument that the forum selection clause essentially limits "disputes" to court proceedings, thereby allowing the contracting parties to litigate other types of disputes arising in connection with the License Agreement elsewhere. First, the clause could have specifically limited its application to "court proceedings," but it did not. Second, "disputes" is not defined in the License Agreement, so we look to its ordinary meaning. *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). Dispute means "[a] conflict or controversy, esp.

one that has given rise to a particular lawsuit." *Dispute*, Black's Law Dictionary (11th ed. 2019). Such a definition, which is not limited to court proceedings, fits with the common understanding of the term "disputes" in the context of a forum selection clause, especially considering that administrative as well as court fora exist for resolving patent disputes.

Guest-Tek asserts, however, that the forum selection clause does not cover PTAB proceedings because the PTAB and the inter partes review process did not exist when the License Agreement was executed. *See Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2137–38 (2016) (describing the establishment of the PTAB and inter partes review process). But "the intent of the parties must be ascertained from the contract itself." *Klamath*, 204 F.3d at 1210. The forum selection clause requires "all disputes" to be brought in the Central District of California, with no suggestion that the parties intended to create an exception for disputes that could be brought in new forums established in the future. Moreover, when the parties executed the License Agreement, the U.S. Patent and Trademark Office ("PTO") had a process called inter partes reexamination, which was similar to the inter partes review process. *See Cuozzo*, 136 S. Ct. at 2137. If the parties had agreed, they could have carved out an exception preserving Guest-Tek's right to challenge the validity of Nomadix's patents before bodies like the PTO, but they did not. We

therefore cannot conclude that the parties intended to carve out an exception for PTAB proceedings.

Guest-Tek argues that applying the forum selection clause conflicts with Congress's intent that PTAB proceedings have "primacy" over district court proceedings. But even assuming Congress intended for the PTAB to have "primacy," enforcing the forum selection clause does not frustrate that purpose because the PTAB retains authority to invalidate Nomadix's patents. We also see no unfairness in enforcing the forum selection clause. Guest-Tek voluntarily bargained away its right to challenge the validity of Nomadix's patents other than in specified fora, and it can still pursue its patent validity challenges in the district court, which it is doing in a separate lawsuit.

Finally, the License Agreement's "no challenge" clause does not conflict with our interpretation of the forum selection clause. The no challenge clause says nothing about *where* Guest-Tek may bring its claims when it is no longer bound by the no challenge clause. Thus, requiring Guest-Tek to bring its patent validity claims in the Central District of California under the forum selection clause does not conflict with the no challenge clause.

2.    We reject Guest-Tek's arguments that the principles of judicial estoppel or forfeiture bar Nomadix from asserting the forum selection clause. Guest-Tek forfeited its judicial estoppel argument by failing to raise it below. *See*

*United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267 (9th Cir. 2001). In any event, it is meritless. Nothing in the record shows that Nomadix took a "clearly inconsistent" position with its earlier position. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). As to forfeiture, Guest-Tek cites no authority that a party can forfeit a claim through delay when such claim is brought within the statute of limitations.[3]

3. Guest-Tek argues that in deciding whether to issue the permanent injunction the district court should have applied federal instead of California law, noting that the California injunction test is easier to satisfy. *Compare eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (conjunctive test), *with* Cal. Civ. Code § 3422 (disjunctive test). We need not decide this choice-of-law issue because the permanent injunction was properly issued under either standard.

Federal law requires a plaintiff to satisfy five factors. *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels.*, 730 F.3d 1024, 1032 (9th Cir. 2013). Nomadix satisfies the first factor, actual success on the merits, *see id.*, because Guest-Tek breached the License Agreement's forum selection clause by filing the PTAB proceedings.

Nomadix also satisfies the next two factors, irreparable injury and inadequate legal remedies. *See id.* Without an injunction, the PTAB would have

---

[3] Guest-Tek made no laches argument below and makes none on appeal.

issued a decision on the validity of Nomadix's patents, causing Nomadix to be permanently deprived of its right to litigate patent validity disputes with Guest-Tek *only* in court. As the district court correctly found, the loss of this right would have also deprived Nomadix of related bargained-for benefits, including the presumption of patent validity that applies in district court proceedings, the ability to assert contract-based defenses, and the opportunity to have a jury decide patent validity. Because these harms are unquantifiable, they cannot be remedied with money and are thus irreparable. *See Brewer*, 855 F.3d at 978; *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 423 (9th Cir. 1991).

The fourth factor, balance of the hardships, also favors Nomadix. *See Indep. Training & Apprenticeship Program*, 730 F.3d at 1032. As discussed above, Nomadix will suffer irreparable harm without a permanent injunction. Guest-Tek, however, fails to show that it will suffer any irreparable harm from the issuance of a permanent injunction.

Finally, Nomadix has shown that the public interest would not be disserved by a permanent injunction. *See id.* Although there is an important public interest in allowing licensees to challenge invalid patents, *see Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969), there is a "strong federal policy of enforcing forum-selection clauses," *Sun*, 901 F.3d at 1090. Nor does the permanent injunction bar Guest-Tek from challenging the patents, it only bars Guest-Tek from challenging them in fora

8

other than those to which it contractually agreed.  Nomadix has therefore satisfied all of the permanent injunction factors under federal law.[4]

If the California test is the correct one, the district court did not abuse its discretion in issuing the permanent injunction.  California allows a court to grant a permanent injunction to prevent a breach of an obligation: "1. Where pecuniary compensation would not afford adequate relief; 2. Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief; 3. Where the restraint is necessary to prevent a multiplicity of judicial proceedings; *or*, 4. Where the obligation arises from a trust."  Cal. Civ. Code § 3422 (emphasis added).  Because Nomadix has satisfied the second and third federal factors (irreparable injury and inadequate legal remedies), which Guest-Tek concedes "mirror" the first criterion under California Civil Code § 3422, Nomadix has also satisfied California's test.

**AFFIRMED.**

---

[4] Given the circumstances, we may consider in the first instance whether Nomadix has satisfied the federal permanent injunction standard.  The parties have fully briefed the federal factors, and the relevant facts have been sufficiently developed. *Cf. Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 1000 (9th Cir. 2011) (declining to consider irreparable harm in the first instance because of the "incomplete record" and lack of briefing).  Moreover, given the record, it would have been an abuse of discretion had the district court applied the federal test and denied the permanent injunction.