**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

APR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA PLOOF,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>STATE OF ARIZONA; et al.,<br><br>　　　　　Defendants-Appellees. | No.　22-15061<br><br>D.C. No. 2:21-cv-00853-JJT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted March 9, 2023
Las Vegas, Nevada

Before: GRABER, BENNETT, and DESAI, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BENNETT.

Plaintiff Jessica Ploof appeals the dismissal of her 42 U.S.C. § 1983 claims

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We

have jurisdiction under 28 U.S.C. § 1291, and we review the dismissal de novo.

*Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025 (9th Cir. 2021). We

---

[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

affirm in part, reverse in part, and remand for further proceedings.[1]

The district court dismissed Plaintiff's § 1983 claims as untimely. Rather than reviewing the allegations in the light most favorable to Plaintiff to decide whether her claims plausibly could have occurred within the statutory period, the district court ruled that the claims were untimely because the "last actual date referenced in the complaint" was outside the two-year statutory period. Tellingly, Defendants do not argue that the district court's analysis was correct. Instead they assert that Plaintiff failed to argue before the district court that her claims were timely and, therefore, she waived or forfeited the issue.

In her response to Defendants' motion to dismiss, Plaintiff presented the district court with the following correct standard for deciding whether claims are untimely:

> "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1014 (C.D. Cal. 2011) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995)). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *Id.*

---

[1] Amici assert arguments not raised by any party. We follow our general rule and decline to address those arguments not raised or adopted by the parties. *See, e.g.*, *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003) ("In the absence of exceptional circumstances, which are not present here, we do not address issues raised only in an amicus brief.").

22-15061

Even if this passage did not suffice to preserve the argument that the claims are not time-barred,[2] we have discretion to consider the issue. We may consider an argument raised for the first time on appeal when "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court; or . . . plain error has occurred and injustice might otherwise result." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quoting *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001)). Both conditions are met here.

First, whether Plaintiff's claims were untimely on the face of her complaint is an issue of law. *See Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989). A court may dismiss a claim as untimely under Rule 12(b)(6) "only when the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation and internal quotation marks omitted). Plaintiffs generally need not "plead around affirmative defenses." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). Further, Defendants have not claimed, nor have they suffered, any prejudice. They had an opportunity to brief the merits of Plaintiff's timeliness argument on appeal, but declined to do so. *See Emmert Indus. Corp. v. Artisan Assocs. Inc.*, 497 F.3d 982, 986 (9th Cir. 2007)

---

[2]    Plaintiff argued in the district court that the statute of limitations was tolled.

("[W]hen, as here, an appellee has a full and fair opportunity to address an issue raised for the first time on appeal in its appellate briefing, there is no prejudice.").

Second, the district court's failure to apply the proper standards was plain error. The district court did not construe the facts in the light most favorable to Plaintiff.[3] Plaintiff was also not given a chance to amend the complaint, contrary to the usual practice, and amendment might not be futile. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Further, the threat of injustice is evident here because the district court's failure to apply the proper standards resulted in its ruling that Plaintiff's claims are time-barred. *See Flores Castro v. Hernandez Renteria*, 971 F.3d 882, 890 n.11 (9th Cir. 2020) (holding that the failure to consider the petitioner's argument might result in an injustice because of the "potentially dispositive nature" of the argument).

Read in the light most favorable to Plaintiff, the last <u>date</u> expressly pled in the complaint was not the last <u>act</u> alleged in the complaint that plausibly could give rise to liability. Claims four through nine allege undated events that may have

---

[3] Both the district court and the dissent shift the burden to Plaintiff to establish the timeliness of her claims. This reasoning is at odds with the 12(b)(6) standard and our precedent disfavoring motions to dismiss. *E.g.*, *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).

22-15061

occurred within the statutory period. And because the facts alleged do not establish when Plaintiff knew of each alleged injury, accrual cannot be evaluated based on the face of the complaint.[4] We reverse the dismissal of claims four, five, six, seven, eight, and nine and remand for further proceedings.[5]

But drawing all reasonable inferences in favor of Plaintiff, claim two is time-barred. Plaintiff knew or had reason to know of her injury—the seizure of her child—at the time of the removal. We thus affirm the dismissal of claim two.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**. Each party will bear its own costs on appeal.

---

[4] The complaint alleges Plaintiff was uninformed about the progress and consequences of her child's removal. Accrual of Plaintiff's claims depends on when she knew or should have known of each injury. *Flynt v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019). Thus, when viewing the non-date-specific allegations of the complaint in the light most favorable to Plaintiff, we conclude that the pleadings are ambiguous as to when Plaintiff knew or should have known of the alleged injuries underlying claims four through nine.

[5] We do not consider claims one, three, ten, eleven, twelve, thirteen, and fourteen. As to claim one, Plaintiff did not seek reversal of the district court's ruling that the claim was claim precluded. Similarly, as to claims three and fourteen, Plaintiff did not seek reversal of the court's ruling that that the claims are time-barred. And as to claims ten through thirteen, Plaintiff did not appeal the court's decision to decline to exercise supplemental jurisdiction over those state-law claims.

*Ploof v. State of Arizona*, No. 22-15061
BENNETT, Circuit Judge, concurring in part and dissenting in part:

I concur that claim two was correctly dismissed as untimely. Mem. Disp. at 5. However, I do not think Ploof sufficiently raised the argument that her other § 1983 claims could be construed as timely from the face of the complaint. Because I would not exercise our discretion to overlook this waiver, I respectfully dissent with respect to those claims.

"As a general rule, 'a federal appellate court does not consider an issue not passed upon below.'" *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015) (quoting *Dodd v. Hood River County.*, 59 F.3d 852, 863 (9th Cir. 1995)). But this rule is "discretionary, not jurisdictional." *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (citation omitted).

Before the district court, Ploof defended the timeliness of her § 1983 claims only by arguing that, under Arizona law, the statute of limitations was tolled because of her mental health disorders. *See* Ariz. Rev. Stat. § 12-502. Ploof told the district court:

> A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1014 (C.D. Cal. 2011) (quoting *Supermail Cargo, Inc. v. United State*s, 68 F.3d 1204, 1206–07 (9th Cir.1995)[)].

1

It is clear in context of the remainder of her filing that this was Ploof's *only* timeliness argument—i.e., that her complaint was timely because her disability tolled the statute of limitations.

Ploof cited the Arizona disability tolling provision several times in her opposition to Defendants' motion to dismiss. Ariz. Rev. Stat. § 12-502. The tolling provision states that "[i]f a person entitled to bring an action . . . is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action." *Id.* After quoting this language, Ploof closed her very brief discussion of the statute of limitations by arguing that, "[d]ue to Plaintiff's mental disability, she is of 'unsound' mind. Thus, the statute of limitations for all her claims . . . never started to run, and, of course, . . . never expired. Thus, none of her claims are time barred."

Nowhere did Ploof advance an argument that her claims were timely because the alleged § 1983 violations occurred within the limitations period. Rather, she argued only that the motion to dismiss her § 1983 claims on timeliness grounds failed *ab initio*, because the statute never began to run given her disability.

Against this backdrop, the district court understandably saw no reason to consider whether the complaint *could* be read as alleging violations within the limitations period, as Ploof now argues on appeal. Instead, the district court

2

provided a thorough explanation for its conclusion that the only statute of

limitations argument that Ploof actually made failed—i.e., that Ploof's disability

was not sufficient to toll the statute of limitations under Arizona law.[1] After

finding that the statute was not tolled, the district court explained in a footnote that:

> Defendants proffer that June 18, 2020 is the day that the statute of
> limitations expired because it is the 'latest actual date referenced in the
> complaint.' . . . Plaintiff does not suggest any alternate date. The court
> finds this proposed date supportable and correct based on the facts
> available on the face of the complaint.

The district court did not expressly adopt the "latest actual date referenced in the

complaint" rule suggested by Defendants. Rather, the court accepted Defendants'

proposed date because Ploof did not suggest an alternative, and instead rested on

her argument that the statute couldn't have expired because, as a result of her

disability, it never even started to run. Accordingly, I would find that Ploof waived

any argument that her § 1983 claims were timely independent of her disability.

*See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016)

("The [waiver] standard is that the argument must be raised sufficiently for the trial

court to rule on it." (internal quotation marks and citation omitted)).

And I would not apply any of the four discretionary exceptions to waiver.

We may consider an argument raised for the first time on appeal if:

> (1) there are exceptional circumstances why the issue was not raised in
> the trial court; (2) new issues have become relevant while the appeal

---

[1] Ploof does not challenge that determination on appeal.

3

was pending because of [a] change in the law; (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court; or (4) plain error has occurred and injustice might otherwise result.

*Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quoting *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001) (alteration in original)).

The first two exceptions plainly do not apply because Ploof points to neither "exceptional circumstances" explaining her failure to raise the timeliness argument in the district court nor a relevant intervening change in law. *Id.* at 1293. And while timeliness *is* a question of law, Defendants may well be prejudiced by continued litigation on the § 1983 claims reinstated by the majority. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1214–15 (9th Cir. 2020) (declining to review an issue raised for the first time on appeal in part because opposing party would be prejudiced by continued litigation on remand).[2] In any event, we have

---

[2] Contrary to the majority's assertion, Defendants did not have a "full and fair opportunity to address" Ploof's timeliness argument raised for the first time on appeal. Mem. Disp. at 4 (quoting *Emmert Indus. Corp. v. Artisan Assocs. Inc.*, 497 F.3d 982, 986 (9th Cir. 2007)). We have suggested that the question of law exception applies only when the question "does not depend on the factual record, or the record has been fully developed." *In re America West Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). Here, Defendants could have contested Ploof's factual assertion on appeal that her complaint alleged § 1983 violations within the limitations period.

declined to exercise our discretion to review an issue raised for the first time on appeal even where there is no obvious prejudice to the opposing party. *See, e.g.*, *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007) ("Even if a case falls within one of the exceptions to waiver . . ., we must still decide whether the particular circumstances of the case overcome our presumption against hearing new arguments." (internal quotation marks and citation omitted)). Here, there are no "particular circumstances" justifying consideration of Ploof's waived argument. *See G and G Productions LLC v. Rusic*, 902 F.3d 940, 950 ("A party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstance warranting our exercise of" discretion to overlook a waived issue).

With respect to the fourth exception, I see no "manifest injustice" here.[3] Reviewing the complaint even in the light most favorable to Ploof, I find no injustice in ending the litigation at this stage of the proceedings. *See Alexopulos by Alexopulos v. Riles*, 784 F.2d 1408, 1411 (9th Cir. 1986) (finding "no 'manifest injustice' in refusing to review an issue newly presented on appeal, because . . . the appellants did not provide reasons for their failure to raise the issue before the district court"). In my view, it is not unjust to hold Ploof to her concession below

---

[3] As the majority notes, we can exercise discretion to reach an issue raised for the first time on appeal if "plain error has occurred and injustice might otherwise result." Mem. Disp. at 3 (quoting *Kaass Law*, 799 F.3d at 1293).

that, absent tolling for her disability, the statute of limitations had run, as she provides no reason for her failure to present the timeliness argument below. *See id.*

For these reasons, I would affirm the district court in full. Therefore, I respectfully concur in part and dissent in part.