GRABER, Circuit Judge,
concurring:
I concur in full in the majority’s opinion. I write separately to question the validity of our case law with respect to the standard of review applicable to arguments raised for the first time on appeal by criminal defendants.
A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court’s attention. See United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). But Federal Rule of Criminal Procedure 52(b), creating an exception to the normal rule, says that “[a] plain error that affects substantial rights may be considered even though it was not brought to the [trial] court’s attention.”
Henderson v. United States, — U.S. -, 133 S.Ct. 1121, 1124, 185 L.Ed.2d 85 *1015 (2013) (brackets in original) (emphasis omitted). Except in unusual circumstances, that is all there is to it: we must review new, unpreserved arguments for plain error. See, e.g., Molina-Martinez v. United States, — U.S. -, 136 S.Ct. 1338, 1343, 194 L.Ed.2d 444 (2016) (“[Because the defendant failed to object to the miscalculation [of the Guidelines range], appellate review of the error is governed by Federal Rule of Criminal Procedure 62(b).”); United States v. Dominguez Benitez, 542 U.S. 74, 76, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (“Because the claim of [Federal Rule of Criminal Procedure 11] error was not preserved by timely objection, the plain-error standard of Rule 52(b) applies....”).
An exception applies when the new issue concerns “a nonwaivable limit on federal courts’ subject-matter jurisdiction.” Musacchio v. United States, — U.S. -, 136 S.Ct. 709, 716, 193 L.Ed.2d 639 (2016); see United States v. Doe, 366 F.3d 1069, 1075-76 (9th Cir. 2004) (en banc) (describing the limited nature of this exception). But when the relevant statute “does not impose a jurisdictional limit, the failure to raise it at or before trial means that it is reviewable on appeal—if at all—only for plain error.” Musacchio, 136 S.Ct. at 718 (citing Fed. R. Crim, P. 52(b)); see also United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (“Freed from the view that indictment omissions deprive a court of jurisdiction, we proceed to apply the plain-error test of Federal Rule of Criminal Procedure 52(b) to respondents’ forfeited claim.”).
The Supreme Court has noted the possibility that Rule 52(b) may not apply if “some other provision authorizes the error’s correction.” Olano, 507 U.S. at 732, 113 S.Ct. 1770. But the Court has rejected attempts to read exceptions into Rule 52(b)’s “plain error” standard. See United States v. Vonn, 535 U.S. 55,122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (holding that Rule 11 does not create an exception to plain-error review); Jones v. United States, 527 U.S. 373, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (holding that the Federal Death Penalty Act of 1994 did not create an exception to plain-error review).
The Supreme Court has left very little room—if any at all—for the judicial creation of exceptions to Rule 52(b). The Court has “cautioned against any unwarranted expansion of Rule 52(b).” Johnson v. United States, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). “Even less appropriate than an unwarranted expansion of the Rule would be the creation out of whole cloth of an exception to it, an exception which we have no authority to make.” Id.-, see also Puckett v. United States, 556 U.S. 129, 135-36, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (noting this principle).
Our own case law generally accords with the principles noted above: we review run-of-the-mill new, unpreserved arguments for plain error. But one persistent line of our cases allows a judicially created exception: “we are not limited to [the plain-error] standard of review where the appeal presents a pure question of law and there is no prejudice to the opposing party.” United States v. Gonzalez-Aparicio, 663 F.3d 419, 426 (9th Cir. 2011); accord United States v. Torres, 828 F.3d 1113, 1123 (9th Cir. 2016); United States v. Joseph, 716 F.3d 1273, 1276 n.4 (9th Cir. 2013); United States v. Evans-Martinez, 611 F.3d 635, 642 (9th Cir. 2010); United States v. Saavedra-Velazquez, 578 F.3d 1103, 1106 (9th Cir. 2009); United States v. Flores-Montano, 424 F.3d 1044, 1047 (9th Cir. 2005) (per curiam); United States v. Si, 343 F.3d 1116, 1128 n.2 (9th Cir. 2003); United States v. Echavarria-Escobar, 270 F.3d 1265, 1267-68 (9th Cir. 2001); United *1016 States v. Maldonado, 215 F.3d 1046, 1051 n.5 (9th Cir. 2000); United States v. Petty, 80 F.3d 1384, 1387 (9th Cir. 1996); United States v. Robertson, 52 F.3d 789, 791 (9th Cir. 1995); United States v. Bruce, 976 F.2d 552, 554-55 (9th Cir. 1992); United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir. 1991); United States v. Patrin, 575 F.2d 708, 712 (9th Cir. 1978). Our “pure question of law” exception contradicts Rule 52(b) and the Supreme Court’s case law. Usually questions of law are not jurisdictional, and certainly questions of law are not necessarily jurisdictional, so the exception for jurisdictional questions almost never applies. In my view, no legal source authorizes the exception.
We first announced our “pure question of law” exception in a criminal appeal in our 1978 decision in Patrin, 575 F.2d at 712, and we have perpetuated the rule ever since by citing Patrin or one of its progeny. Here’s how Patrin announced the rule:
As a general rule, “a federal appellate court does not consider an issue not passed upon below.” Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)....
Our circuit has apparently recognized a ... narrow exception to the general rule. When the issue conceded or neglected in the trial court is purely one of law and either does not affect or rely upon the factual record developed by the parties, cf Golden Gate Bridge & Highway Dist. v. United States, 125 F.2d 872, 875 (9th Cir. 1942) (whether a contract is ambiguous will be considered by court of appeals although appellee had conceded the ambiguity below), or the pertinent record has been fully developed, see United States v. Merrill, 211 F.2d 297, 302-03 & n.4 (9th Cir. 1954), the court of appeals may consent to consider it. The evident principle underlying this exception is that the party against whom the issue is raised must not be prejudiced by it. Thus, if he might have tried his case differently either by developing new facts in response to or advancing distinct legal arguments against the issue, it should not be permitted to be raised for the first time on appeal.
Patrin, 575 F.2d at 712 (citations and footnote omitted). All three of the cited cases are civil cases, in which Federal Rule of Criminal Procedure 52(b) has no application. Cf. Shinseki v. Sanders, 556 U.S. 396, 410-11, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) (distinguishing the harmless error rule in civil and administrative cases from the harmless error standard in criminal cases). Similarly, Patrin’s explanation following the citations makes sense in civil appeals, but it has no merit in criminal appeals, where Rule 52(b)’s contrary prescription applies. Given the Supreme Court’s statement that we have “no authority to make” “an exception” to Rule 52(b), Johnson, 520 U.S. at 466, 117 S.Ct. 1544, our importation of a civil standard into the criminal context cannot withstand scrutiny. Our “pure question of law” exception is incorrect.
I have not uncovered a single sister circuit that applies our “pure question of law” exception in criminal appeals. To the contrary, our sister circuits routinely review pure questions of law for plain error. See, e.g., United States v. Fuertes, 805 F.3d 485, 497 (4th Cir. 2015) (holding that the defendant’s claim “is a purely legal one” and that “his claim may be reviewed only for plain error”); United States v. Angel, 355 F.3d 462, 469 (6th Cir. 2004) (holding that the defendant raises a “pure question of law” and that, because it “is being raised for the first time on appeal, we will apply the ‘plain error’ standard of review”). The Fifth Circuit’s experience is telling. For a time, that court applied a *1017 version of our “pure question of law” exception. E.g., United States v. Bullard, 13 F.3d 154, 156 n.5 (5th Cir. 1994) (per cu-riam). Sitting en banc, the court overruled Bullard and other similar cases, and the court described the “plain error” standards pursuant to Olano's teachings. United States v. Calverley, 37 F.3d 160, 163-64 (5th Cir. 1994) (en banc), overruled in other part by Johnson, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718.
In sum, our line of the cases permitting an exception for “pure questions of law” is contrary to Rule 52(b), Supreme Court precedent, and the practice of our sister circuits. Here, the standard of review may dictate the outcome.[1] We ought to reconsider our errant line of cases en banc, either now or in a future appropriate case.

. Arguably, the question here is a question of law, United States v. Reed, 80 F.3d 1419, 1421 n.3 (9th Cir. 1996), instead of a mixed question of law and fact.